IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-74,040-01






EX PARTE KEVIN WAYNE LAMPE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 15,239-A IN THE 21ST JUDICIAL DISTRICT COURT


FROM WASHINGTON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession or
transport of certain chemicals with intent to manufacture a controlled substance, and was sentenced
to twenty years' imprisonment. He did not appeal his conviction.

 Applicant contends that his trial counsel rendered ineffective assistance because counsel
failed to investigate the facts and the law applicable to the case. Applicant alleges that had counsel
investigated, he would have learned that the State did not have sufficient evidence to convict
Applicant at trial. Applicant alleges that but for counsel's deficient advice, he would not have
pleaded guilty but would have insisted on going to trial on the charge.

 Applicant has submitted an affidavit from the attorney who represented him when he entered
his plea of guilty, in which counsel concedes that he did not investigate the facts and the law
applicable to the case. However, the attorney who submitted the affidavit substituted for Applicant's
original attorney on the day Applicant entered his plea. There is nothing in the record to show
whether Applicant's original attorney investigated the facts and was familiar with the applicable law. 
It is also not clear from the record whether Applicant was advised by counsel to enter an open plea
of guilty, or whether there was some form of plea agreement in effect. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's original counsel, Russell Noe with the opportunity to respond to
Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in
Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether there was any plea agreement in
effect in this case, and if not, whether Applicant was advised of his right to appeal. The trial court
shall make findings as to whether Applicant's original attorney investigated the facts and the law
applicable to this case, and as to whether Applicant's original attorney advised Applicant that it
would be in his best interest to plead guilty to this charge. The trial court shall make findings as to
whether counsel believed that the State had sufficient evidence to establish the elements of the
offense, with or without relying on the presumption of intent to manufacture described in Section
481.124(b) of the Texas Health and Safety Code. The trial court shall make findings as to whether
the performance of Applicant's trial attorney was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: June 16, 2010

Do not publish